Andrew McClain, J.,
delivered the opinion of the Court.
D. Schloss and others, were merchants in Memphis, and conveyed their stock of goods to Schloss & Bro., of Philadelpia. This conveyance is set out in the record in this case, and bears date December 11th, 1866.
H. B. Claffin and others, Avho were creditors of D. Schloss & Co., commenced suit against these parties, the vendors and vendees in this conveyance, and sued out an attachment, and the same was levied on these goods.
The defendants, the conveyors, replevied them; and thereafter, the goods having been restored to Schloss & Bro., the complainants in the present suit, Jacobi and others, (being also creditors of D. Schloss & Co.,) commenced their suit in Chancery, charging that this conveyance was fraudulent, and sued out an attachment, and the same was levied on a portion of these same goods which had been replevied.
The defendants, Schloss & Bro., filed a plea, in which they allege these facts, and insist, that having replevied these goods, they were not liable to a second levy. This is the only point presented in the plea. The cause was heard on this plea alone, and the Chancellor held *387 the plea good, and quashed the attachment; and the complainants have appealed to this court.
"When a fraudulent conveyance of goods is made, the fraudulent vendee takes the title of the vendor. The sale is, nevertheless, absolutely void as to the creditors of the vendor.
Suppose such fraudulent vendee, having the property in possession, should pay off some of the creditors of the vendor, by voluntary arrangement with them, to an amount equal to or greater than the value of the property. Could such fraudulent vendee be allowed to make this an available defense, as against other creditors seeking to subject the same property to the satisfaction of their debts? This surely could not be allowed.
Now, in what respect would an arrangement of this character differ in principle from a case like the present, where a debtor, having made a conveyance alleged to be fraudulent, a creditor commences suit to set it aside, and sues out an attachment, and has the same levied on the property conveyed? The fraudulent vendee replevies it, and regains the possession of the property, substituting his bond, with surety, for the property. Shall this circumstance be allowed to defeat other creditors of the rights which the law gives them? It is of no avail to say, that the fraudulent vendee might, in this way, be made to pay a number of times for the same property. This would be so, if he chose to replevy the property as often as the creditors of the vendor might seize it by attachment, to satisfy their debts.
A conveyance, thus tainted with fraud, is incapable *388 of confirmation — to the prejudice of creditors: Jones vs. Read; 1 Hum., 345.
As to the vendor, it needs no confirmation. It is already good as to him.
As to creditor’s, it cannot be tolerated, that some shall lose the right which the law gives them, either by an agreement of the vendee with other creditors, or by legal proceedings on the part of some of the creditors, while the property is- not actually appropriated to the satisfaction of the debts of those bringing their attachments.
We have thought proper to indicate these errors in regard to the levy of attachment of Jacobi and others; but we cannot make these rulings authoritative upon the present record, for the reason that the cause is not properly in this court.
The suit of Jacobi and others was commenced by summons as to the residents, and publication as to the non-residents, although no prayer or order of publication appears in the record.
The usual bond for costs in cases commenced by summons, appears in the record extended to all the defendants.
The attachment was sued out as a subsidiary process, and not original, although perhaps issued at the same time as the summons. The decree of the Chancellor, quashing the attachment, did not terminate the suit. It was not a final decree. The decree determined nothing as to the complainants’ right of recovery. It was not, therefore, even an interlocutory decree, from which an appeal would lie under section of the Code, 3157.
*389 Tbe case of W. H. Lee and others vs. D. Schloss and others, and Schloss & Bro., was beard in ibis court at the same time with the case of Jacobi and others. This case is determined by the same principles of law which apply in that case, the facts being substantially the same.
In this case, an additional question is made upon the fact that the attachment was issued upon the order of the Clerk, and not upon upon fiat of a Judge or Chancellor. But in the view we have taken of this cause, it is a matter of no consequence to our present determination whether the attachment issued under section of the Code, 4288-9, or 3455.
The appeal will be dismissed in both cases, at the cost of the appellants.